Abran E. Vigil
Nevada Bar No. 7548
Edward Chang
Nevada Bar No. 11783
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Phone: (702) 471-7000
Fax: (702) 471-7070
Email: vigila@ballardspahr.com
Email: change@ballardspahr.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF BANC OF AMERICA COMMERCIAL MORTGAGE INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-5,<br><br>            Plaintiff,<br><br>v.<br><br>DANIEL J. ELEFANTE, an individual, and THEODORE H. TOCH, an individual,<br><br>            Defendants. | CASE NO.  2:12-cv-01521-RCJ-CWH<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiff Wells Fargo Bank, N.A., as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2004-5 ("Plaintiff" or "Trustee"), via its Special Servicer, Torchlight Loan Services LLP, requests that the Court grant partial summary judgment in its favor against Daniel J. Elefante and Theodore H. Toch (collectively, "Guarantors") for breach of a personal guaranty. This Motion is made and based on the following memorandum of points and authorities, the Declaration of Daniel Greenholtz attached hereto as Exhibit 1, the attached exhibits, the papers and pleadings on file, and any oral

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

1  argument the Court may deem necessary.

2  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

3  I.   **INTRODUCTION**

4       This case involves Trustee's enforcement of a personal guaranty for which full
5  recourse against Guarantors was triggered when Borrower filed for bankruptcy
6  protection. Via this motion, Trustee seeks partial summary judgment on the issue of
7  liability, leaving the question of damages in dispute.

8       As will be demonstrated below, it is factually undisputed that Guarantors
9  personally guaranteed a non-party borrower's performance of all obligations and
10  liabilities for which that borrower is personally liable under Section 12.1 of the
11  applicable Loan Agreement (as defined below). When Borrower filed its voluntary
12  Chapter 11 bankruptcy petition, Borrower triggered the full recourse obligations of
13  the Guarantors. Guarantors have not satisfied their obligations under the Guaranty.

14       For the reasons set forth below, there is no reason to delay issuance of partial
15  summary judgment by finding that Guarantors signed a valid contract, their
16  obligations under that contract were triggered by Borrower's bankruptcy filing,
17  Guarantors did not satisfy their obligations under the Guaranty, and therefore,
18  Guarantors are in breach of their Guaranty. Stated another way, Trustee is entitled
19  to partial summary judgment on the issue of liability.

20  II.  **STATEMENT OF UNDISPUTED FACTS**

21       The following material facts entitling Trustee to the relief requested are
22  undisputed:

23       A.   **The Loan Documents**

24       1.   On or about June 1, 2004, Summit Plaza Storage Partners, LLC
25  ("Borrower") borrowed $4,100,000 (the "Loan") from General Electric Capital
26  Corporation ("Original Lender"). (<u>See</u> Exhibit 1 at ¶ 4.)

27

28

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

2.     The Loan is evidenced by a Promissory Note dated June 1, 2004 and made by Borrower to Original Lender (as amended, assigned or otherwise modified, the "Note"). (See Exhibit 1-A.)

3.     Guarantors, as managers for Borrower, signed the Note. (See id.)

4.     The Loan is secured by, among other things, a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 1, 2004, executed by Borrower, as grantor, to First American Title Insurance Company, as trustee, for the benefit of Original Lender (as amended, assigned or otherwise modified, the "Deed of Trust"), and an Assignment of Leases and Rents dated June 1, 2004, executed by Borrower in favor of Original Lender (as amended, assigned or otherwise modified, the "ALR"). (See Exhibits 1-D and 1-E.)

5.     The Deed of Trust encumbers certain personal and real property collectively defined as the "Property" therein. (See Exhibit 1-D.) The Property includes, among other things, certain land, improvements, real and personal property and rents and leases ("Leases") and all of Borrower's estate right, title and interest therein. (See id.)

6.     The Leases include all rents, revenues, issues, income, proceeds, profits and all other payments arising from the Property. (See id.)

7.     The Deed of Trust also encumbers all accounts, including reserves, escrows or impounds accounts with respect to the Property. (See id.)

8.     The Loan is further evidenced by a Loan Agreement dated June 1, 2004, executed by Borrower and Original Lender (the "Loan Agreement"). (See Exhibit 1-B.)

9.     Guarantors, as managers for Borrower, signed the Loan Agreement. (See id.)

10.     To further secure Borrower's obligations under the Loan, on or about June 1, 2004, Guarantors guaranteed the Loan by signing a Joinder (as amended, assigned or otherwise modified, the Joinder is referred to in this motion as the

3

"Guaranty", and collectively with the Note, the Deed of Trust, the ALR, and the Loan Agreement, the "Loan Documents"). (See Exhibit 1-C.)

11.    Trustee is the current holder of the Loan Documents. (See Exhibits 1-A to F.)

**B.    Relevant Provisions in the Guaranty and Loan Documents.**

12.    Section 10.1 of the Loan Agreement states in part:

> Upon the occurrence of any Event of Default described in Section 9.7 [the filing of an involuntary bankruptcy or similar proceeding] or 9.8 [the filing of a voluntary Bankruptcy Petition], all amounts due under the Loan Documents immediately shall become due and payable, all without written notice and without presentment, demand, protest, notice of protest or dishonor, notice of intent to accelerate the maturity thereof, notice of acceleration of the maturity thereof, or any other notice of default of any kind, all of which are hereby expressly waived by Borrower . . . .

(See Exhibit 1-B at § 10.1.) (Modification added).

13.    Section 12.1 of the Loan Agreement states in part:

> Except as provided below, Borrower shall not be personally liable for amounts due under the Loan Documents. Borrower shall be personally liable to Lender for any deficiency, loss or damage suffered by Lender because of: . . . (m) the filing by Borrower or any of its members, partners, or shareholders, or the filing against Borrower, of a petition under the United States Bankruptcy Code or similar state insolvency laws . . . .

(See id. at § 12.1.)

14.    Thus, if Borrower filed for bankruptcy, that act was an Event of Default under the Loan Agreement. (See id. at § 9.8.)

15.    Borrower's filing for bankruptcy would make all amounts it owed under the Loan Documents immediately due and payable. (See id. at § 10.1.)

16.    Borrower's filing for bankruptcy would also make Borrower personally liable for all amounts due under the Loan Documents. (See id. at § 12.1.)

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

4

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

17.    Per the Guaranty, Guarantors agreed to "jointly and severally guaranty the performance by Borrower of all obligations and liabilities for which Borrower is personally liable under Section 12.1 of this Agreement." (See Exhibit 1-C.)

18.    The Guaranty "is a guaranty of full and complete payment and performance and not of collectability." (See id.)

19.    Guarantors "agree[d] that [their] obligations under this [Guaranty] shall be primary, absolute and unconditional, and that [their] obligations under this [Guaranty] shall be unaffected by any of such rights or defenses, including: (a) the unenforceability of any Loan Document against Borrower and/or any other Joinder Party; . . . (c) the existence of any collateral or other security for the Loan, and any requirement that Lender pursue any of such collateral or other security, or pursue any remedies it may have against Borrower and/or any other Joinder Party; . . . (h) any voluntary or involuntary bankruptcy, receivership, insolvency, reorganization or similar proceeding affecting Borrower or any of its assets." (See id. at §§ 1(a), (c), and (h).)

20.    In other words, the Guarantors agreed, notwithstanding the existence of collateral securing the loan, that their liability under the Guaranty is absolute.

**C.    Borrower's Default and Filing of Bankruptcy Petition**

21.    Under the terms of the Loan Agreement, the Loan matured on July 1, 2011 (the "Maturity Date"). (See Exhibit 1-B at §§ 1.1 & 2.3(b).)

22.    Borrower committed several Events of Default under the Loan Documents, including, among other things, failure to pay the Trustee the  full amount due and unpaid under the Loan Documents by the Maturity Date. (See Exhibit 1 at ¶ 10.)

23.    Borrower and Guarantors also signed a Prenegotiation Agreement in September 2011, by which they acknowledged that the Loan was in Default. (See Dkt. No. 15 at Ex. J.)

1    24.    Trustee, in order to commence a non-judicial foreclosure against the

2   Property pursuant to NRS Chapter 107, caused a Notice of Default and Election to

3   Sell under Deed of Trust to be recorded in the Official Records on March 28, 2012 as

4   Instrument No. 201203280003092 (the "Default Notice"). (See Exhibit 1-G.)

5    25.    On May 4, 2012, Borrower filed a petition under Chapter 11, Title 11, of

6   the United States Bankruptcy Code. (See Exhibit 1 at ¶ 12; see also Dkt. No. 15 at

7   Ex. G.)

8   **III.    LEGAL ARGUMENT**

9       **A.    Applicable Standard**

10       "The court shall grant [partial] summary judgment if the movant shows that

11   there is no genuine dispute as to any material fact and the movant is entitled to

12   judgment as a matter of law." Fed. R. Civ. P. 56(a) (modification added). A fact is

13   material if it "might affect the outcome of the suit under the governing law," and a

14   dispute as to a material fact is genuine "if the evidence is such that a reasonable jury

15   could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477

16   U.S. 242, 248 (1986).

17       On a summary judgment motion, "[t]he mere existence of some alleged factual

18   dispute between the parties will not defeat an otherwise supported motion for

19   summary judgment." Anderson, 477 U.S. at 256. Once the moving party has carried

20   its burden of showing that no material fact is in dispute, "the party opposing the

21   motion 'may not rest upon the mere allegations or denials in his pleadings,

22   but . . . must set forth specific facts showing there is a genuine issue for trial.'" Id. at

23   248. A party opposing summary judgment "'must do more than simply show that

24   there is some metaphysical doubt as to the material facts,' . . . and [it] 'may not rely

25   on conclusory allegations or unsubstantiated speculation.'" Matsushita Elec. Indus.

26   Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

27       **B.    Scope of this Motion.**

28       Notably, Trustee reiterates what it is not seeking by way of this Motion.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

DMWEST #9591728 v4

1  Trustee has been involuntarily required to defend itself in Borrower's Chapter 11

2  case, Case No. 12-154002-BTB, pending in the U.S. Bankruptcy Court, District of

3  Nevada before the Honorable Bruce Beesley.  That case remains pending and, most

4  recently, Borrower has appealed two adverse rulings which will require Trustee to

5  expend further resources to protect its legal, contractual rights.  Guarantors may

6  wish to confuse this Court by suggesting there is no liability, or any ruling should be

7  stayed until Borrower's bankruptcy case is concluded.  This is precisely why Trustee,

8  by the instant Motion, seeks only <u>a finding of liability</u> at this time.  Granting this

9  request will narrow the issues to be tried, and allow this case to proceed in a more

10  orderly and streamlined manner.

11        **C.**    **Guarantors Are in Breach of Contract.**

12       In Nevada, "[t]he question of the interpretation of a contract when the facts

13  are not in dispute is a question of law."  <u>Grand Hotel Gift Shop v. Granite St. Ins.</u>,

14  108 Nev. 811, 839 P.2d 599, 602 (1992).  "A guaranty is a contract 'like all other

15  contracts.'"  <u>Blue Hills Office Park, LLC v. J.P. Morgan Chase Bank</u>, 477 F. Supp. 2d

16  366, 380–81 (D. Mass. 2007) (citations omitted) (holding that the guarantor was

17  liable for the full amount of the debt due to the borrower's failure to maintain its

18  SPE status); <u>see also</u> <u>CSFB 2001-CP-4 Princeton Park Corporate Center, LLC v. SB</u>

19  <u>Rental I, LLC</u>, 980 A.2d 1, 410 N.J. Super. 114 (2009) (holding that defendants were

20  liable on a guaranty for taking out a loan encumbering the property without the

21  plaintiff's written consent as required by the loan documents).

22       The elements of a breach of contract claim in Nevada are straightforward.  "To

23  prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence

24  of a valid contract; (2) a breach by the defendant; and (3) damages resulting from

25  defendant's breach."  <u>Keife v. Metro. Life Ins. Co.</u>, 797 F. Supp. 2d 1072, 1076 (D.

26  Nev. 2011) (citations omitted).

27       Here, the first two elements have been satisfied as a matter of law.

28  Guarantors signed the Guaranty (which is a contract), Original Lender performed its

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

7

1    obligations under the Guaranty by funding the Loan, Borrower filed a petition under
2    Chapter 11, Title 11, of the United States Bankruptcy Code, thus triggering
3    Guarantors' obligations, and Guarantors breached the Guaranty by failing to satisfy
4    their obligations under the Guaranty.   The third element is not at issue on this
5    motion.

6              1.      **A valid contract exists between Trustee and Guarantors.**

7              Guarantors admit the existence of the Guaranty, Loan Agreement, and other
8    Loan Documents as contracts and attached them as exhibits to their Motion to
9    Dismiss.   See Dkt. No. 15 at 2:18–3:5[1] and Exhibits A–D.   Guarantors also admit
10   that "[Trustee] has correctly cited that the Guarantors have agreed to guarantee 'the
11   performance by Borrower [Summit Plaza] of all obligations and liabilities for which
12   the Borrower is personally liable under Section 12.1 of this [Loan] Agreement.'"   See
13   Dkt. No. 15 at 5:19–21.   Finally, Guarantors admit that they signed the Guaranty.
14   See id. at 3:2–5 ("[T]he defendants (Elefante and Toch) signed a 'Joinder' to the Loan
15   Agreement, jointly and severally guaranteeing 'the performance by Borrower of all
16   obligations and liabilities *for which Borrower is personally liable* under Section 12.1
17   of this Agreement.'" (emphasis in original) (footnote omitted)).

18             Additionally, in a letter dated October 26, 2011, Guarantors acknowledged the
19   Loan matured on July 1, 2011 and proposed a loan modification.   See id. at Exhibit
20   E.     Then, on or around September 2011, Guarantors signed a Prenegotiation
21   Agreement "to engage in discussions with Lender relating to potential material
22   modifications of the Loan and any liability which may exist under the Loan
23   Documents," among other things.   See id. at Exhibit J.   Guarantors signed on behalf
24   of the defaulted Borrower and individually as Guarantors.   Id.   Guarantors do not
25   deny the existence of these valid contracts.   As such, there is no question that

26

27             [1] Citation refers to page number and line number.  For example, "2:18" refers
     to page number 2 and line number 18.

28

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

DMWEST #9591728 v4

1  Trustee and Guarantors are parties to a valid contract.  See <u>May v. Anderson</u>, 121

2  Nev. 668, 672, 119 P.3d 1254, 1257 (2005).

3          2.      **Guarantors breached the Guaranty and other Loan Documents.**

4          Pursuant to the Guaranty, Guarantors "jointly and severally guaranty the

5  performance by Borrower of all obligations and liabilities for which Borrower is

6  personally liable under Section 12.1 of this Agreement."  <u>See</u> Exhibit 1-C.  Under

7  Section 12.1 of the Loan Agreement, "Borrower shall be personally liable to Lender

8  for any deficiency, loss or damage suffered by Lender because of: . . . (m) the filing by

9  Borrower or any of its members, partners, or shareholders, or the filing against

10  Borrower, of a petition under the United States Bankruptcy Code or similar state

11  insolvency laws . . . ."  <u>See</u> Exhibit 1-B at § 12.1.  In other words, pursuant to Section

12  12.1 of the Loan Agreement, Borrower shall be personally liable under certain

13  circumstances, including Borrower's filing of a bankruptcy petition.  <u>See</u>  <u>id.</u>

14  Pursuant to Section 10.1 of the Loan Agreement, if Borrower files a voluntary

15  bankruptcy petition, all amounts due under the Loan Documents immediately shall

16  become due and payable.  <u>See</u> <u>id.</u> at § 10.1.  Furthermore, all amounts due under the

17  Loan Documents were already due and payable when the Loan matured on July 1,

18  2011 and Borrower failed to pay Trustee the full amount due and unpaid under the

19  Loan Documents.  <u>See</u> <u>id.</u> at §§ 1.1 & 2.3(b); Exhibit 1 at ¶ 10.

20          On May 4, 2012, Borrower filed a petition under Chapter 11, Title 11, of the

21  United States Bankruptcy Code.  <u>See</u> Exhibit 1 at ¶ 12; <u>see</u> <u>also</u> Dkt. No. 15 at

22  Exhibit G.  As a result of Borrower's bankruptcy filing, Guarantors obligations under

23  the Guaranty were triggered.  <u>See</u> Exhibit 1-B at § 12.1 and Exhibit 1-C.  Since

24  Guarantors jointly and severally guaranteed, among other things, "the performance

25  by Borrower of all obligations and liabilities for which Borrower is personally liable

26  under Section 12.1 of this Agreement," Guarantors breached the Guaranty and other

27  Loan Documents by failing to satisfy their obligations under the Guaranty.  <u>See</u>

28  Exhibit 1-C.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

1    Further, Guarantors "agree[d] that [their] obligations under this [Guaranty]

2  shall be primary, absolute and unconditional, and that [their] obligations under this

3  [Guaranty] shall be unaffected by any of such rights or defenses, including [among

4  other things] any voluntary or involuntary bankruptcy, receivership, insolvency,

5  reorganization or similar proceeding affecting Borrower or any of its assets."  See

6  Exhibit 1-C at § 1(h).

7           **3.      Guarantors are liable for their breach of contract.**

8    According to the Guaranty and the clear wording of Sections 9.8, 10.1, and

9  12.1 of the Loan Agreement, Borrower's bankruptcy filing imposes personal liability

10 on Guarantors.  See Exhibit 1-C and Exhibit 1-B at §§ 9.8, 10.1 and 12.1.  While

11 Guarantors have argued that their obligations under the Guaranty should be

12 imposed only when Borrower's bankruptcy filing causes Trustee to suffer deficiency,

13 loss, or damage (Dkt. No. 15 at 7:24–8:2), Guarantors ignore the fact that the full

14 amount owed came due, and that they did not pay it.  See Exhibit 1 at ¶ 13.  As such,

15 Guarantors are in breach of contract.[2]

16           *[Remainder of Page Intentionally Left Blank]*

17

18

19

20

21

22

23

24

25

---

26    [2] Here, there is no distinction among the words deficiency, loss, or damage
   because the full amount under the loan is due, guarantors have not paid it.
27 Guarantors also expressly waived any defenses relating to the existence of collateral
   that might be tied up in ongoing bankruptcy proceedings.  See Exhibit 1-C at § 1.

28

DMWEST #9591728 v4

IV.   CONCLUSION

Guarantors guaranteed, among other things, Borrower's performance of all liabilities and obligations for which Borrower is personally liable. When Borrower filed its voluntary bankruptcy petition, Borrower already owed the full amount due and unpaid under the Loan Documents because Borrower failed to pay Trustee those amounts by the Maturity Date. Additionally, upon Borrower's filing of its voluntary bankruptcy petition, Guarantors obligations under the Guaranty were triggered and Borrower became personally liable to Trustee. Guarantors' liability under the Guaranty is undisputed. While the parties use the remainder of the discovery period to ascertain damages, there is no reason to delay a finding of liability.

For these reasons, Trustee requests that the Court grant this motion for partial summary judgment.

Dated: March 7, 2013.

BALLARD SPAHR LLP

By: _____
Abran E. Vigil
Nevada Bar No. 7548
Edward Chang
Nevada Bar No. 11783
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106

*Attorneys for Plaintiff*

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

11

DMWEST #9591728 v4

## CERTIFICATE OF SERVICE

I hereby certify that, on the $7$th day of March 2013 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **Plaintiff's Motion for Partial Summary Judgment**, postage prepaid and addressed to the following:

David Wall, Esq.
Telia U. Williams, Esq.
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive
Suite 200
Las Vegas, Nevada 89145

*Attorneys for Defendants*

An employee of BALLARD SPAHR LLP

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

12

DMWEST #9591728 v4