UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
|         Plaintiff, | ) ) | |
| vs. | ) ) | 2:12-cv-01521-RCJ-CWH |
| DANIEL J. ELEFANTE et al., | ) ) | **ORDER** |
|         Defendants. | ) ) | |

This case arises out of the default of a commercial loan and the alleged failure of two guarantors to honor a guaranty of the loan. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court denies the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On or about June 1, 2004, non-party Summit Plaza Storage Partners, LLC ("Summit Plaza") borrowed $4.1 million from non-party General Electric Capital Corp. ("GECC"). (*See* Compl. ¶¶ 9–10, Aug. 27, 2012, ECF No. 1). Defendants Daniel J. Elefante and Theodore H. Toch guaranteed the loan via a "Joinder" thereto (the "Guaranty"). (*See id.* ¶¶ 4–5, 13). Under the Guaranty, Defendants guaranteed any obligations for which Summit Plaza was "personally liable." (*See id.* ¶ 15 (citing Guaranty, first unnumbered paragraph, ECF No. 15-2, at 2). Summit Plaza was "personally liable" under the Loan Agreement for any deficiency on the loan, *inter alia*, if it filed for bankruptcy. (*See* Loan Agreement § 12.1(m), at ECF No. 15-1, at 58–59).

1  GECC later assigned the loan to Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"),
2  endorsing the promissory note. (Compl. ¶¶ 19–20). Summit Plaza defaulted via nonpayment and
3  later filed for bankruptcy protection in response to Wells Fargo's state court lawsuit against it,
4  thereby triggering "personal liability" under § 12.1(m) to any extent it did not already obtain, and
5  therefore triggering Defendants' liability under the Guaranty. (*See id.* ¶¶ 25, 28–30).

6  Plaintiff sued Defendants in this Court on a single claim for breach of contract (the
7  Guaranty). Defendants have moved to dismiss for failure to state a claim.

8  **II.   LEGAL STANDARDS**

9  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
10 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
11 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
12 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
13 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
14 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
15 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for
16 failure to state a claim, dismissal is appropriate only when the complaint does not give the
17 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
18 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is
19 sufficient to state a claim, the court will take all material allegations as true and construe them in
20 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
21 Cir. 1986). The court, however, is not required to accept as true allegations that are merely
22 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
23 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action
24 with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own
25 case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

1  (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff
2  pleads factual content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule
4  8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a
5  defendant liable; he also must identify the theory of his own case so that the court can properly
6  determine not only whether any such legal theory exists (*Conley* review), but also whether he has
7  any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal*
8  review).

9  "Generally, a district court may not consider any material beyond the pleadings in ruling
10 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
11 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
12 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
13 whose contents are alleged in a complaint and whose authenticity no party questions, but which
14 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
15 motion to dismiss" without converting the motion to dismiss into a motion for summary
16 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
17 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
18 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
19 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
20 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
21 2001).

22 **III.    ANALYSIS**

23 Defendants argue that they are only liable under the Guaranty for any "personal liability"
24 of Summit Plaza under § 12.1 of the loan agreement, and that Summit Plaza's bare default did
25 not trigger such liability.  Plaintiff correctly responds that it has sufficiently pled the occurrence

of a condition precedent to personal liability under the Loan Agreement, and hence guarantor liability under the Guaranty, i.e., that Summit Plaza filed for bankruptcy, making it "personally liable" under § 12.1(m) of the Loan Agreement.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge