UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-cv-01521-RCJ-CWH |
| vs. | ) | |
| | ) | |
| DANIEL J. ELEFANTE et al., | ) | **ORDER** |
| Defendants. | ) | |

This case arises out of the default of a commercial loan and the alleged failure of two guarantors to honor a guaranty of the loan. Pending before the Court is a Motion for Partial Summary Judgment (ECF No. 26). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

On or about June 1, 2004, non-party Summit Plaza Storage Partners, LLC ("Summit Plaza") borrowed $4.1 million from non-party General Electric Capital Corp. ("GECC"). (*See* Compl. ¶¶ 9–10, Aug. 27, 2012, ECF No. 1). Defendants Daniel J. Elefante and Theodore H. Toch guaranteed the loan via a "Joinder" thereto (the "Guaranty"). (*See id.* ¶¶ 4–5, 13). Under the Guaranty, Defendants guaranteed any obligations for which Summit Plaza was "personally liable." (*See id.* ¶ 15 (citing Guaranty, first unnumbered paragraph, ECF No. 15-2, at 2). Summit Plaza was "personally liable" under the Loan Agreement for any deficiency on the loan, *inter alia*, if it filed for bankruptcy. (*See* Loan Agreement § 12.1(m), at ECF No. 15-1, at 58–59).

1   GECC later assigned the loan to Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"),
2 endorsing the promissory note. (Compl. ¶¶ 19–20). Summit Plaza defaulted via nonpayment and
3 later filed for bankruptcy protection in response to Wells Fargo's state court lawsuit against it,
4 thereby triggering "personal liability" under § 12.1(m) to any extent it did not already obtain, and
5 therefore triggering Defendants' liability under the Guaranty. (*See id.* ¶¶ 25, 28–30).

6   Plaintiff sued Defendants in this Court on a single claim for breach of contract (the
7 Guaranty). Defendants moved to dismiss for failure to state a claim, and the Court denied the
8 motion because Plaintiff sufficiently alleged guarantor liability under the Guaranty. Plaintiff has
9 now moved for partial offensive summary judgment.

10  **II.   LEGAL STANDARDS**

11   A court must grant summary judgment when "the movant shows that there is no genuine
12 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
13 Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v.*
14 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there
15 is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A
16 principal purpose of summary judgment is "to isolate and dispose of factually unsupported
17 claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary
18 judgment, a court uses a burden-shifting scheme:

19   When the party moving for summary judgment would bear the burden of proof at
    trial, it must come forward with evidence which would entitle it to a directed verdict
20   if the evidence went uncontroverted at trial. In such a case, the moving party has the
    initial burden of establishing the absence of a genuine issue of fact on each issue
21   material to its case.

22 *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations
23 and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden
24 of proving the claim or defense, the moving party can meet its burden in two ways: (1) by
25 presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

Plaintiff asks the Court to grant it offensive summary judgment on the issue of breach. Because this is the only claim, the granting of Plaintiff's motion would leave only a damages calculation for trial. In support, Plaintiff adduces the Guaranty. The Guaranty includes

1   Defendants' signatures. (*See* Guaranty 2, June 1, 2004, ECF No. 26-4).[1] The Guaranty indicates
2   that Defendants agreed to jointly and severally guaranty the liabilities for which Summit Plaza is
3   personally liable under § 12.1 of the Loan Agreement. (*See id.* 1, first unnumbered paragraph).
4   The Loan Agreement has been assigned to Plaintiff. (*See* Assignment, Nov. 23, 2004, ECF No.
5   26-7). Any and all documents securing the Loan Agreement were contemporaneously assigned,
6   (*see id.*), although the Guaranty would have followed the Loan Agreement by operation of law
7   even in the absence of this express provision, *see* 38 Am. Jur. 2d *Guaranty* § 24 (2011)
8   (collecting cases). As noted, *supra*, Summit Plaza was "personally liable" under the Loan
9   Agreement for any deficiency on the loan, *inter alia*, if it filed for bankruptcy. (*See* Loan
10  Agreement § 12.1(m), at ECF No. 15-1, at 58–59). In addition to other alleged events of default
11  that the Court need not address, Summit Plaza has petitioned the Bankruptcy Court of this
12  District for Chapter 11 bankruptcy protection. (*See* Petition, May 4, 2012, ECF No. 1 in Case No.
13  12-15402). It is not disputed that Defendants have failed to honor the Guaranty. Because
14  Plaintiff has "come forward with evidence which would entitle it to a directed verdict if the
15  evidence went uncontroverted at trial" on the issue of Defendants' breach of the Guaranty, it has
16  satisfied its initial burden on summary judgment. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at
17  480.
18          Defendants argue in response that the present motion is premature because Defendants
19  have not yet answered. The Court disagrees. Defendants have had ample time to produce
20  evidence creating a genuine issue of material fact that there has been no event of default by
21  Summit Plaza, or that the Guaranty is forged, or that the Guaranty does not apply as a matter of
22  interpretation, but they have not. Such evidence would be simple to produce if it existed.
23  Defendants have not even adduced their own self-interested affidavits denying any material fact.

---

[1] The Guaranty is entitled "Joinder," but it is in substance a guaranty of the Loan Agreement.

1   If Defendants later discover some defense, they may move for reconsideration under Rule 60(b).

2   And the extent of the deficiency of the collateral, which is yet to be determined in the bankruptcy

3   proceedings, is not relevant to pure liability under the Guaranty, but only to the extent of

4   damages, which the Court does not purport to determine via the present adjudication.  In any

5   case, Defendants have since answered, and in the Answer, they have admitted Summit Plaza's

6   indebtedness under the Loan Agreement, their own Guaranty of the Loan Agreement, and that

7   Summit Plaza has filed for bankruptcy.  They only dispute the ultimate conclusion of their own

8   liability, and the extent thereof.

9         Nor does Nevada Revised Statutes section 40.495(4) prevent summary judgment on

10  liability before an evidentiary hearing.  That statute requires an evidentiary hearing to ensure that

11  a guarantor of a debt secured by real property to be foreclosed is not held liable for more than the

12  lesser of: (1) the difference between the indebtedness and the fair market value of the collateral

13  as of the date the action is commenced; or (2) the difference between the indebtedness and the

14  actual foreclosure sale price. *See* Nev. Rev. Stat. § 40.495(4).  The present order will not

15  prejudice any substantive rights under this statute, because the Court does not purport to rule

16  upon the amount owed under the Guaranty, but only that the Guaranty has been breached, an

17  issue not touched upon by the state statute.

18        Defendants have adduced no evidence creating a genuine issue of material fact as to their

19  breach of the Guaranty.  They adduce only a copy of their interrogatories to Plaintiff, a copy of

20  their requests for admission to Plaintiff, and a copy of Assembly Bill 273 adopting the relevant

21  state statute addressed, *supra*.  None of this creates any issue of material fact.  Accordingly,

22  Plaintiff is entitled to partial summary judgment on the issue of breach.

23  ///

24  ///

25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 26) is GRANTED.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge